**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

KIMBERLY JOHNSON                                                          PLAINTIFF

V.                         Case No. 3:25-CV-00274-JM

WEST MEMPHIS, *et al.*                                                    DEFENDANTS

## ORDER

Plaintiff Kimberly Johnson's motion to proceed *in forma pauperis* (Doc. 1) is granted. She reports neither income nor savings. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

The law requires that the Complaint be screened. 28 U.S.C. § 1915(e)(2). "A pro se plaintiff must set forth enough factual allegations to 'nudge [ ] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Johnson sues the City of West Memphis, Arkansas, the West Memphis Police Department, Officer Justin Clark, and Cliff Carter's Wrecker Service under 42 U.S.C. § 1983 alleging that they violated her Fourth and Fourteenth Amendment rights and unlawfully converted her personal property in violation of state tort law.  She seeks the return of her property and damages.

Johnson's claims arise from her June 8, 2024 arrest. (Doc. 2 at 4). She explains that she had just arrived at the Rodeway Inn in West Memphis, Arkansas, when Officer Justin Clark stopped her in the parking lot, searched her, and arrested her without probable cause or a warrant. (*Id*. at 6). It is unclear whether Officer Clark searched her before or after her arrest, but Johnson says that both her person and car were searched and seized. (*Id*.). Once at the Crittenden County Jail, Johnson states that she had a panic attack, had to be hospitalized, and has continued to suffer panic attacks and anxiety since her release. (*Id*.). Without identifying the criminal charges arising from the arrest, Johnson simply states that they have since been *nolle prossed*. (*Id*.). Johnson explains that her attempts to secure her car and her other personal affects have failed. (*Id*. 6–7). In September 2024, Johnson learned that her car had been sold. She maintains that she was never noticed of the sale or of any forfeiture proceedings. (*Id*. at 10).

Before the Court can properly screen the Complaint, it needs more information. For example, Johnson says she was unlawfully searched and seized, but she offers no narrative surrounding her interaction with Officer Clark. What was the conversation? How long did it last? Who was she with? Was either she or her car searched before or after her arrest? Johnson says she was criminally charged but fails to identify the charges or give any details surrounding the charges later being *nolle prossed*. Finally, she claims her attempts to get her property returned failed and that she later found out her car had been sold. The Court needs to know the details. Johnson must identify plainly how each defendant violated her rights.

Johnson will be given 30 days from this Order to file an amended complaint curing the deficiencies identified in this order. If she chooses not to amend her complaint, or if her amended complaint does not cure the problems with her current complaint, then the Court will dismiss it without prejudice. Johnson is warned that her amended complaint will take the place of her current

complaint. That means that she must include any and all factual allegations in her amended complaint that she wants the Court to consider.  The Court directs the Court to mail Johnson a blank §1983 complaint along with a copy of this Order.

IT IS SO ORDERED this 3rd day of June, 2026.

_____
UNITED STATES DISTRICT JUDGE