**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**KIMBERLY JOHNSON** **PLAINTIFF**

**V.** **Case No. 3:25-CV-00274-JM**

**WEST MEMPHIS, *et al.*** **DEFENDANTS**

**ORDER**

On June 3, 2026, the Court granted Plaintiff Kimberly Johnson's motion to proceed *in forma pauperis* and screened her Complaint. (Doc. 3). The Court identified deficiencies in the pleading and gave Johnson the opportunity to file an amended complaint to more thoroughly present her claims. (*Id.*). Johnson timely filed an amended complaint and a first amended complaint (Docs. 6 & 7), which must be screened.[1] *See* 28 U.S.C. § 1915(e)(2).

Johnson sues the City of West Memphis, Arkansas, the West Memphis Police Department, Officer Justin Clark, and Cliff Carter's Wrecker Service under 42 U.S.C. § 1983 alleging that they violated her Fourth and Fourteenth Amendment rights and unlawfully converted her personal property without due process and in violation of state tort law. (Docs. 7). She seeks the return of her property and damages. (*Id.*).

**I. Background**

Johnson's claims arise from her June 8, 2024 arrest at the Rodeway Inn ("Inn") in West Memphis, Arkansas. (Doc. 7 at 2). As background, Johnson explains that she had recently lost her home in a fire and had her children and the few belongings they retained in their car. (*Id.* at 2). Because police cars blocked the sole entrance to the Inn's parking lot, Johnson parked in front of

---

[1] Because the First Amended Complaint incorporates the allegations raised in the Amended Complaint, the Court will refer only to the First Amended Complaint in its citations.

the neighboring motel. (*Id.*). Johnson left her sleeping children in the car, intending to quickly check in and get instruction on parking. (*Id.* at 3).

As she approached the Inn, Officer Justin Clark approached asking what she was doing, commenting that she looked suspicious, and demanding her identification. (*Id.*). Johnson explained to Officer Clark why she had parked next door and told him she had a prepaid reservation at the Inn. (*Id.*). When she opened her bag to get her ID as instructed, Officer Clark grabbed her bag and searched it without her permission. (*Id.*). According to Johnson, Officer Clark unlawfully searched a zipped pouch in the bag and discovered a glass pipe, a "small quantify of methamphetamine," and a handgun. (*Id.*). Officer Clark immediately placed Johnson under arrest and handcuffed her. (*Id.*). Officer Clark then searched Johnson's car before having it impounded. (*Id.*). Johnson says she did not consent to either search. (*Id.*).

Once at the Crittenden County Jail, Johnson had a panic attack requiring treatment at an area hospital. (*Id.* at 4). She was later charged with (1) possession of methamphetamine with the purpose to deliver, (2) possession of drug paraphernalia, (3) simultaneous possession of drugs and firearms, and (4)-(5) two counts of endangering the welfare of a minor. (*Id*). The State *nolle prossed* all the charges against Johnson on July 18, 2025, and she has since had them expunged. (*Id.*).

Johnson states that, as soon as the criminal charges were dropped, she began efforts to secure her car and its contents. (*Id.* at 4). She says the West Memphis Police Department told her she needed to contact the towing company, which she did. (*Id.*). Because Johnson had no funds to pay the towing and storage fees, the towing company retained possession of Johnson's car and its belongings. (*Id*). She complains that the company went so far as to prevent her from obtaining even a change of clothes. (*Id.*). Roughly seven months after her arrest, Johnson's children were

taken into the custody of the Tennessee Department of Children's Services where they remain. (*Id.*).

In August 2024, the towing company told Johnson the amount she owed and then told her to quit calling. (*Id.* at 4–5). When Johnson next called the towing company in September 2025, she learned that her car and its contents had been sold. (*Id.*). Johnson maintains that she was never noticed of the sale or of any forfeiture proceedings. (*Id.* at 10). She also states that she was never given any documentation to justify the various fees charged by the company. (*Id.* at 5). Johnson credits Officer Clark's unlawful seizure and arrest for her losing all her belongings and, as a result, the custody of her children.

## II. Screening

"A pro se plaintiff must set forth enough factual allegations to 'nudge [ ] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). However,

a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab*., 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

**II. Discussion**

Johnson is suing Officer Clark in his official and individual capacities as well at the City and its police department alleging that she was unlawfully stopped, searched, and seized. She is also suing Cliff Carter's Wrecking Service and the City alleging her property was unlawfully seized and sold without notice. She argues that the City, though the police department, failed to adequately train Officer Clark or to maintain policies to ensure constitutional notice is provided before property rights are extinguished. With the exception of her claims against the police department, Johnson's claims will be served.

First, the Court considers Johnsons claims against the City, the police department, and Officer Clark. The police department is not an entity that can be sued under § 1983 and is dismissed. *Ketchum v. City of West Memphis, Arkansas*, 974 F.2d 81, 82 (8th Cir. 1992). Johnson's claims against the City and her official and individual capacity claims against Officer Clark survive screening and will be served. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). To establish municipal liability, a plaintiff must prove that a policy, practice, or custom attributable to the municipality caused the constitutional injury. *Id*. Liberally reading Johnson's complaint, she has met this burden.

Johnson admits that she possessed drug paraphernalia, a handgun, and methamphetamine. The constitutional right to be free from unlawful searches and seizures, however, does not exist only for the innocent. Therefore, for purposes of screening, the discovery of those items must be considered in the sequence that the events unfolded. Johnson says she had reason to be at the Inn

and was simply walking to its front door to check in for an existing reservation when Officer Clark stopped and questioned her. According to Johnson, Officer Clark was aggressive and grabbed her purse from her as she was trying to get her ID out for his review. Johnson then says Officer Clark opened a zipped pocket inside her bag without her permission. Accepting Johnson's version of events as true and for the purposes of screening only, she has plausibly stated a claim that Officer Johnson lacked probable cause to both stop her and then to search her purse. If true, then her arrest, the subsequent search of her car, and its impoundment become the fruit of the poisonous tree. In fact, whether any of Officer Clark's actions informed the prosecutor's decision to *nolle pros* the charges, while not plainly stated, is considered for screening purposes. While this analysis may change in light of additional facts, these claims will be served.

Johnson's claims against Cliff Carter's Wrecking Service and the City will also be served. The Wrecking Service is a private actor. To be liable under § 1983, a private actor must be a "willful participant in joint activity with the State in denying a plaintiff's constitutional rights." *Magee v. Trustees of Hamline University*, 747 F.3d 532, 536 (8th Cir. 2014). Johnson has stated enough to suggest that the Wrecking Service, at the direction of the City, impounded Johnson's car and then sold it without notice. *See Smith v. Insley's Inc*., 499 F.3d 875, 880 (8th Cir. 2007). The Court accepts supplemental jurisdiction of Johnson's state law tort claim for conversion. These claims will be served.

**IV. Conclusion**

1. Johnson's claims against the West Memphis Police Department are dismissed.

2. Johnson claims against Officer Clark, the City of West Memphis, and Cliff Carter's Wrecker Service will be served.

3. The Court directs the Clerk to prepare summonses for Officer Clark, the City of West Memphis, and Cliff Carter's Wrecker Service and deliver them along with copies of the Complaint (Doc. 2), Amended Complaint (Doc. 6), First Amended Complaint (Doc. 7), Order (Doc. 3), and this Order to the United States Marshal for service, without requiring prepayment of fees, costs, or security.

Officer Clark may be served through his employer at the West Memphis Police Department, 626 E. Broadway Blvd., West Memphis, Arkansas 72301.

The City of West Memphis may be served on its mayor, city manager, city administrator, or city clerk, 205 South Redding St., West Memphis, Arkansas 72301.

Cliff Carter Wrecking Service may be served through its owner or any agent authorized to accept service, 50 Block St., Marion, Arkansas 72364.

IT IS SO ORDERED this 19th day of October, 2026.

UNITED STATES DISTRICT JUDGE